*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT EDWIN PIKE,

Defendant-Appellant.

UNPUBLISHED
June 11, 2026
11:01 AM

No. 369708
Livingston Circuit Court
LC No. 20-026467-FC

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals his criminal-sexual-conduct convictions, arguing that the trial court erred by allowing evidence of other acts and denying access to Children's Protective Services (CPS) records. Because the trial court did not abuse its discretion in making its evidentiary decisions or the decisions were not outcome-determinative, we affirm.

## I. BACKGROUND

This case began when the complainant, MK, alleged that her stepfather, defendant, sexually assaulted her more than one hundred times from ages six to twelve. MK lived with her mother until the seventh grade, at which time she started living full time with her biological father. Several years later, MK disclosed to her father that she was sexually abused by defendant. At trial, MK described defendant molesting her "almost every night" while she was sleeping or in bed including multiple instances of defendant touching her vagina, and other occurrences of MK waking up to her hand on defendant's penis, defendant performing oral sex on her, or defendant touching her breasts.

When she was young, MK disclosed the abuse to her mother, but defendant claimed they were dreams. MK did not disclose the abuse to her father until later because defendant told her not to tell. On direct examination, the prosecutor asked MK who she told about the abuse and when. On cross-examination, defense counsel confirmed that it was "pretty close to the original report date when [MK] first told the police." MK's mother also testified at trial about MK's initial disclosure of the alleged abuse and how defendant claimed it was only a nightmare.

Defendant was charged with five counts of first-degree criminal sexual conduct, MCL 750.520b, and two counts of second-degree criminal sexual conduct, MCL 750.520c, for the acts alleged by MK. Before trial, defendant moved to obtain discovery of privileged materials, specifically records concerning CPS's investigations involving MK. The prosecutor in response argued that defendant did not demonstrate that there was a reasonable probability that the records were likely to contain information necessary for the defense. At the hearing on the motion, defendant argued that the requested reports would show that MK and her mother presented themselves to CPS but failed to report sexual assault.

The trial court ordered an *in camera* review of the CPS reports, finding that there was a reasonable probability that the records contained information necessary for the defense. After conducting an *in camera* review of a CPS investigation report, the trial court found that the investigation concerned MK's mother's neglect and had "nothing to do with" defendant. The trial court denied defendant's motion, concluding that the report provided nothing that defendant could use to defend against the pending charges and failed to reveal any useful evidence for the defense.

In addition to defendant's motion for discovery, defendant also moved during pretrial to exclude evidence after the prosecutor filed a notice of intent to admit other acts evidence under MCL 768.27a and MCL 768.27b. The proposed witnesses were BH who babysat for defendant and ES who dated defendant's son. BH's proposed testimony alleged that defendant inserted his fingers into her vagina and touched her vagina with his penis while she was sleeping. This occurred five or six times when BH was fourteen years old. ES's proposed testimony concerned defendant attempting to touch ES's breasts and vagina while she was sleeping when she was seventeen years old.

Defendant moved to exclude the proposed testimony of BH and ES under MRE 403, arguing that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice given the unreliability of the witnesses and dissimilarity of the testimony to MK's allegations. After listening to the parties' arguments at the hearing on the motion, the trial court denied defendant's motion, recognizing that even though the rules of evidence would ordinarily prevent the admission of this type of evidence, MCL 768.27a specifically permits it.

At trial, BH and ES testified consistent with what was proposed in the prosecutor's notice of intent. During jury instructions, the trial court informed the jurors that it was their role to determine the witnesses' credibility and the testimonies' value, if any. The jurors were also told that they must not convict defendant solely because they thought he was guilty of criminal bad conduct.

The jury ultimately convicted defendant on five counts of first-degree criminal sexual conduct, MCL 750.520b, and two counts of second-degree criminal sexual conduct, MCL 750.520c. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 30 to 60 years of imprisonment for each count. Defendant then appealed to this Court. While this appeal was pending, defendant moved for a new trial in two separate motions based on the issues raised in the appeal; the trial court denied both motions.

II. ANALYSIS

## A. EVIDENCE UNDER MCL 768.27a

On appeal, defendant argues that the trial court violated his due-process rights by permitting the prosecutor to introduce separate allegations of sexual abuse under MCL 768.27a without properly applying MRE 403. Defendant also attacks the constitutionality of MCL 768.27a. We review for an abuse of discretion the trial court's decision to admit or exclude evidence. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). The trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). If the trial court errs when admitting evidence, then reversal is warranted only if the error resulted in a miscarriage of justice and it "appears that, more probably than not, it was outcome determinative." *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). Defendant's underlying constitutional claims are reviewed de novo. *People v Muniz*, 343 Mich App 437, 456; 997 NW2d 325 (2022).

MCL 768.27a provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." The admission of this evidence may still be excluded under MRE 403, however, if the probative value of the evidence, including the propensity inference, is substantially outweighed by a danger of unfair prejudice. *People v Watkins*, 491 Mich 450, 486-487; 818 NW2d 296 (2012).

The trial court may exclude evidence under MRE 403 because of the following non-exhaustive considerations:

(1) the dissimilarity between the other acts and the charged crime,

(2) the temporal proximity of the other acts to the charged crime,

(3) the infrequency of the other acts,

(4) the presence of intervening acts,

(5) the lack of reliability of the evidence supporting the occurrence of the other acts, and

(6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id.* at 487-488 (cleaned up).]

Even if a trial court fails to apply MRE 403, such error may still be harmless when the evidence is more probative than prejudicial. See i*d.* at 491; see also *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002) (holding that a preserved, nonconstitutional error is grounds for reversal if it was outcome-determinative).

Even assuming for the sake of argument that the trial court did not properly consider MRE 403, any error was harmless because the evidence would have still been admissible given its substantial probative value and insufficient prejudicial effect. The other acts alleged by BH and ES were substantially similar to the charged crimes based on MK's allegations. Defendant purportedly touched or attempted to touch three minor girls under their pants while they were

sleeping. MK primary allegation was that defendant frequently touched her vagina at night; BH alleged that defendant inserted his finger into her vagina while she was asleep, and ES alleged that defendant attempted to insert his hand inside her pants to touch her vagina while she was sleeping. Although defendant frames these actions as different, the overall actions are not so dissimilar to preclude the evidence under MRE 403. See *People v Solloway*, 316 Mich App 174, 194-195; 891 NW2d 255 (2016).

To argue prejudice, defendant highlights minor differences between MK's, BH's, and ES's allegations, such as the ages of the minors at the time of the alleged acts, the timing of the alleged acts, and the frequency that the acts occurred. But these dissimilarities are not so different to find that they are unfairly prejudicial to defendant. Rather, the possible reason behind the differences provide relevance: defendant's alleged acts occurred when he had access to sleeping minors in his home. MK lived with defendant, which explains the higher frequency of the alleged acts, whereas BH and ES only visited the home.

Given the substantial similarity of the allegations, the danger of unfair prejudice did not outweigh the probative value of BH's and ES's testimonies. Further, any source of possible prejudice, such as the reliability of the witnesses, was minimized by the trial court's jury instructions. *People v Berklund*, ____ Mich App ___, ____; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 11. Thus, defendant has not demonstrated that the admission of BH's and ES's testimonies was outcome-determinative or otherwise warrants reversal.

As for defendant's arguments on the constitutionality of MCL 768.27a, this Court has already held that MCL 768.27a does not violate a defendant's due-process rights because the admission of the evidence of the other acts "does not lower the quantum of proof or probative value of the evidence that the prosecution must present for conviction of the crime charged." *Muniz*, 343 Mich App at 460-461. This Court is bound by that published opinion. *Plachta v Plachta*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 374260); slip op at 4-5. Therefore, defendant has not shown that he is entitled to a new trial based on the testimony of BH and ES.

## B. CPS RECORDS

Defendant also argues on appeal that the trial court violated his due-process rights by denying access to CPS records and the identities of CPS investigators contained in those records. We review for an abuse of discretion the trial court's decision to conduct an *in camera* review of records. *People v Davis-Christian*, 316 Mich App 204, 207; 891 NW2d 250 (2016). The trial court must conduct an *in camera* inspection of privileged records under MCR 6.201(C)(2) if "a defendant demonstrates a good-faith belief, grounded in articulable fact, that there is a reasonable probability that records protected by privilege are likely to contain material information necessary to the defense." If the trial court finds that the records reveal evidence necessary to the defense, then the trial court must direct that such necessary evidence be made available to defense counsel. MCR 6.201(C)(2)(b).

For records to be disclosed after an *in camera* review, the evidence must be "reasonably necessary, and therefore essential, to the defense" such that it is material and "capable of raising a reasonable doubt about the defendant's guilt." *People v Stanaway*, 446 Mich 643, 650, 679 n 40;

521 NW2d 557 (1994). "As long as defendant is able to make a sound argument in his defense without having access to complainant's privileged . . . records, any information in those records would not be material to his defense." *Davis-Christian*, 316 Mich App at 213. Further, "disclosure should not occur when the record reflects that the party seeking disclosure is on a fishing expedition to see what may turn up." *Stanaway*, 446 Mich at 680 (cleaned up). Defendant is not entitled to a new trial if there is not a "reasonable probability of a different result. The question is whether, in the absence of the disputed evidence, the defendant received a fair trial, i.e., a trial resulting in a verdict worthy of confidence." *Fink*, 456 Mich at 459.

On appeal, defendant argues that the CPS records were necessary because investigators would have testified that MK did not disclose sexual abuse during prior CPS investigations. And yet, defendant fails to show the necessity of this evidence given that the same information could have been introduced through other means: MK's testimony. Defendant could have asked MK on cross-examination (1) whether she spoke to CPS during the time the alleged assaults occurred, and, if so, (2) whether she disclosed to CPS during these discussions defendant's purported sexual abuse.

If MK's lack of disclosure during previous and unrelated CPS investigation was necessary to the defense, then defendant should have questioned MK about the delay in disclosure during cross-examination. Further, MK's mother also testified at trial, and defendant failed to ask her questions about a lack of disclosure to CPS during cross-examination. Defense counsel's decision not to inquire about this is telling.

The only elaboration of the purported need for the CPS reports that defendant gives on appeal is that the investigators could have been questioned about the specifics of the CPS's investigations into MK's safety and well-being. But this appears to be no more than a fishing expedition by defendant considering that defendant himself does not claim that the CPS's investigations pertained to allegations of sexual abuse. There is no hint or implication that the information contained in the prior CPS investigations undermines defendant's convictions or would have enhanced his defense, and our own review of the CPS report confirms this conclusion. See *id.* at 212. Defendant failed to state how such information would have favorably affected his case, and his argument "falls short of the specific justification necessary" for the records to be made available to him. See *Stanaway*, 446 Mich at 681-682. Therefore, the trial court did not abuse its discretion in failing to provide defendant with these records.

## III. CONCLUSION

Defendant failed to show that the trial court's evidentiary decisions were an abuse of discretion or were outcome-determinative. The probative value of BH's and ES's testimonies outweighed any prejudicial effect on defendant's case. Finally, defendant's rationale for the CPS

-5-

records did not support finding that such information would have been necessary to his defense.

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle